UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**REGINALDO BONILLA-ALEMAN**     **CASE NO. 2:22-CV-01879 SEC P**
**#41338-018**

**VERSUS**     **JUDGE JAMES D. CAIN, JR.**

**FEDERAL CORRECTIONAL COMPLEX**     **MAGISTRATE JUDGE KAY**
**OAKDALE**

## JUDGMENT

Before the court are a Report and Recommendation [doc. 6] of the Magistrate Judge, recommending that this habeas petition brought under 28 U.S.C. § 2241 be dismissed without prejudice for lack of jurisdiction, and objections/a motion to continue [doc. 7] filed by petitioner. Petitioner argues that the case should be stayed pending a ruling by the United States Supreme Court in *Jones v. Hendrix*, 8 F.4th 683 (8th Cir. 2021), *cert. granted*, No. 21-857, ⸺ U.S. ⸺, 142 S.Ct. 2706, 212 L.Ed.2d 777 (U.S. May 16, 2022). That case will resolve a circuit split on the availability of relief under 28 U.S.C. § 2255(e)'s savings clause for statutory interpretation claims. Under the Fifth Circuit's current interpretation, a federal prisoner may use the savings clause to challenge his conviction under 28 U.S.C. § 2241 in the district where he is incarcerated if he can show the following:

> (1) the petition raises a claim "that is based on a retroactively applicable Supreme Court decision"; (2) the claim was previously "foreclosed by circuit law at the time when [it] should have been raised in petitioner's trial, appeal or first § 2255 motion"; and (3) that retroactively applicable decision establishes that "the petitioner may have been convicted of a nonexistent offense."

*Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010) (quoting *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001)). Petitioner's suit, however, involves only newly discovered evidence. *See* doc. 1, att. 2. Relief is already available in such cases, even on a second or successive motion, through 28 U.S.C. § 2255(h). *Jones* relates only to the availability of savings clause relief in claims involving new rules of statutory interpretation. *See Jones*, 8 F.4th at 686 ("The question is whether the change in caselaw, combined with the successive-motions bar, makes § 2255's remedy inadequate or ineffective.") It has no bearing on this petition. As advised in the Report and Recommendation, petitioner should seek relief in the district where he was convicted under § 2255(h) for his claim based on newly discovered evidence.

Accordingly, for the reasons stated in the Report and Recommendation of the Magistrate Judge previously filed herein, and after an independent review of the record, determining that the findings are correct under the applicable law, and considering the objections to the Report and Recommendation in the record;

**IT IS ORDERED, ADJUDGED AND DECREED** that the Motion to Continue [doc. 7] be **DENIED** and that this petition be **DISMISSED WITHOUT PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 16th day of September, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**